FEINTUCH v. ATLANTIC COAST LINE R. CO.

(Supreme Court, Appellate Term.    May 27, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—AMENDMENT OF PLEADING.

Under Municipal Court Act (Laws 1902, c. 580) § 166, providing that the court may allow a pleading to be amended at any time to promote substantial justice, the court should have permitted the defendant to amend his answer at commencement of the trial, so as to put in issue the plaintiff's allegations as to value, where a refusal to permit the amendment resulted in a judgment reluctantly entered by the court against the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Philip Feintuch against the Atlantic Coast Line Railroad Company.    From a judgment for plaintiff, defendant appeals.    Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Stewart & Shearer, of New York City, for appellant.

Nathan Waxman, of New York City, for respondent.

SEABURY, J.    The plaintiff has recovered a judgment for the alleged value of a gas stove and other articles of personal property, which he claims he delivered to the defendant's agent at Green Cove Springs, Fla., to be transported to J. Kalin in New York City.    The evidence in the case as to what articles were actually delivered to the defendant, and their value is unsatisfactory.    The learned court below stated that he rendered judgment for the plaintiff reluctantly, and only because he felt bound to do so, in view of the defendant's failure to deny the allegations contained in the complaint as to the value of the property. At the outset of the case, however, the defendant made a motion to amend its answer, so as to put in issue the allegations of the plaintiff's complaint as to value.    This motion was denied, upon the ground that it was made too late.    In making this ruling, we think the court below erred.    That the proposed amendment was in furtherance of justice appears from the opinion which the court expressed in disposing of the case.    Section 166 of the Municipal Court Act (Laws 1902, c. 580) clothed the court with ample power to allow the amendment which the defendant proposed.    If the plaintiff was not ready to proceed with the case, in the event of the amendment having been allowed, the court should have granted an adjournment.

The judgment is reversed and a new trial ordered, with costs to the appellant to abide the event.    All concur.